IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADONAI SIFUENTES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| KC RENOVATIONS, INC., | § | CIVIL ACTION NO. 5:19-cv-277 |
| KEVIN CLARK REALTY | § | |
| & ASSOCIATES, LLC | § | |
| dba CLARK REALTY, and | § | |
| KEVIN CLARK, | § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Adonai Sifuentes, Plaintiff, brings this suit for unpaid wages against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. He shows as follows:

### I.   INTRODUCTION

1. This is an action for unpaid wages brought under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff is a non-exempt worker who was employed by Defendants Kevin Clark, KC Renovations, Inc., and Kevin Clark Realty & Associates, LLC dba Clark Realty (hereinafter referred to collectively as "Defendants"); he performed maintenance work in and around Bexar County, Texas. Defendants failed to pay Plaintiff the required overtime pay for hours worked in excess of forty hours during each workweek, and failed to pay him at all for his last week of work. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and seeks

unpaid minimum wages, overtime compensation, liquidated damages, costs of court, and attorney's fees.

## II. JURISDICTION AND VENUE

2. Plaintiff brings this case to recover unpaid overtime compensation under 29 U.S.C. § 201, *et seq*. As such, this Court has jurisdiction over his claims pursuant to the following:

    a. 28 U.S.C. § 1331 (Federal Question);

    b. 28 U.S.C. § 1337 (Interstate Commerce); and

    c. 29 U.S.C. § 216(b) (FLSA).

3. Inasmuch as all or a substantial part of the acts or omissions giving rise to Plaintiff's cause of action occurred in or around Bexar County, Texas, venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2).

## III. THE PARTIES

4. Plaintiff Adonai Sifuentes is an individual who worked for Defendants in and around Bexar County, Texas. He has consented to be a party in this action and his consent form is attached hereto as "Exhibit A."

5. Defendant KC Renovations, Inc. is a Texas company whose principal place of business is in Converse, Texas and may be served with process by serving its registered agent, Kevin Clark, at 8635 Brucks Dr., Converse, Texas 78109.

6. Defendant Kevin Clark Realty & Associates LLC dba Clark Realty is a Texas company whose principal place of business is in Converse, Texas and may be served with process by serving its registered agent, Kevin Clark, at 8635 Brucks Dr., Converse, Texas 78109.

7. Defendant Kevin Clark is an individual doing business in and around Bexar County, Texas, and may be served with process at his place of business, at 8635 Brucks Dr., Converse, Texas 78109.

## IV. COVERAGE UNDER THE FLSA

8. At all relevant times, the Plaintiff has been employed in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all relevant times, Defendants have had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. At all relevant times, Defendants have had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

## V. EMPLOYEE AND EMPLOYER STATUS

11. Defendants misclassified the Plaintiff as an independent contractor.

12. At all relevant times, the Plaintiff was an "employee" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

13. Defendants exercised a high control over how the Plaintiff performed his work. The Plaintiff received instructions from Defendant Kevin Clark on a daily basis.

14. The Plaintiff had no opportunity for profit or loss; he only received his wages as determined by Defendants.

15. Defendants made all investment in facilities; the Plaintiff made none.

16. The Plaintiff worked full-time for Defendants for over two years and was not permitted to work for other companies throughout his employment per Defendant Kevin Clark's instructions.

18.     The Plaintiff performed routine manual labor for Defendants that required no extensive training or highly developed skills.

19.     The Plaintiff was economically dependent on each Defendant for the terms and conditions of his employment.

20.     In performing maintenance and related services, the Plaintiff performed work that was an integral part of Defendants' business.

21.     At all relevant times, each of the Defendants has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.

22.     At all relevant times, Defendant KC Renovations, Inc. has been an "employer" of the Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23.     At all relevant times, Kevin Clark Realty & Associates LLC dba Clark Realty has been an "employer" of the Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24.     At all relevant times, Defendant Kevin Clark has been an "employer" of the Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25.     At all material times, Defendant Kevin Clark acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff, had operational control over the business, and exercised control daily over the Plaintiff's work.

26.     Defendant Kevin Clark hired and fired the Plaintiff.

27.     Defendant Kevin Clark possessed and exercised the authority to control the employment rules and policies applicable to the Plaintiff, including scheduling, timekeeping, payroll, and disciplinary practices.

28.     Defendant Kevin Clark is a managing member of Clark Realty and he has operational control over the business and its employees.

## VI. FACTUAL ALLEGATIONS

a. Defendants Kevin Clark, KC Renovations, Inc., and Kevin Clark Realty & Associates, LLC collectively operate a business enterprise known as Clark Realty where related activities performed for a common business purpose of being a "full-service San Antonio property management agency and real estate company that can offer you a number of services"[1] include:

b. A shared office and a physical address;

c. Shared equipment;

d. Group purchasing and shared storage space;

e. A unified website and other promotional materials;

f. Shared employees; and

g. Same ownership.

29. Defendants hold out their related activities and common business purpose to the public as follows:

> With the right San Antonio property management company, buyers and sellers can get everything they need in one place. . . . That's a big benefit to you because it offers the chance to work with one person and one company for all your real estate needs. Don't underestimate the value of that, as it gives you a way to move through the stages of renting, buying, selling, building, and investing with the same company and the same people.[2]

30. Clark Realty specializes in property management and real estate services, including maintenance, renovation, and construction services. Its principal office is located at 8635 Brucks Dr., Converse, Texas 78109. Its recently opened second location is located at 1494 O'Connor Road, San Antonio, Texas 78247.

---

[1] Defendants' website: http://clarkrealtysa.com
[2] *Id.*

31. From approximately October of 2016 to November of 2018, the Plaintiff worked as a maintenance worker, performing manual labor on properties managed, owned, and/or listed for sale by Defendants in or around Bexar County.

32. As a maintenance worker, the Plaintiff supported both the property management and real estate arms of Defendants' business. His duties included, but were not limited to, the following:

    a. Assisting in evictions, removing furniture and other belongings from the property;

    b. Remodeling and make-ready work for rental properties being turned over to new tenants; and

    c. Performing construction related work that included painting, roofing, siding, flooring, fencing, and clean up, including work on properties being prepared for listing by Clark Realty real estate agents.

33. During several workweeks in 2017, Defendants assigned the Plaintiff to perform property maintenance and repair work and related activities on hurricane-damaged properties in and around Aransas County, Texas.

34. Defendants maintained and generated payroll records for the Plaintiff.

35. The Plaintiff frequently worked forty-six or more hours per workweek while employed by Defendants.

36. For work performed between 8:30 AM and 5 PM each day, the Plaintiff was paid a daily rate, at a rate ranging from $150.00 to $160.00 per day throughout his employment.

37. For work performed outside of 8:30 AM to 5 PM, the Plaintiff was paid an hourly rate ranging from approximately $17.00 to $20.00 per hour throughout his employment.

38. The Plaintiff was paid weekly by checks issued by KC Renovations, Inc.

39. Defendants failed to pay the Plaintiff at a rate of one-and-a-half times his regular hourly rate for all hours worked over forty. Instead, his hours over 40 were compensated at his regular straight-time hourly rate of pay, with no half time premium paid.

40. Defendants entirely failed to pay the Plaintiff at all for his last week of work in November of 2018.

41. Defendants made illegal deductions from the Plaintiff's check to cover costs of materials and mechanical repairs that were used for the benefit of the employer.

42. At all times relevant to this action, Defendants failed to maintain complete and accurate records of the Plaintiff's hours of work and compensation as required by the FLSA.

43. At all times relevant to this action, Defendants knowingly, willfully, or with reckless disregard, carried out its illegal pattern or practice of failing to pay the required overtime compensation due to the Plaintiff.

44. All of the actions and omissions alleged in the paragraphs above were undertaken by Defendants either directly or through its agents.

## VII. CLAIMS FOR RELIEF

### FAIR LABOR STANDARDS ACT – MINIMUM WAGE

45. The Plaintiff incorporates and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein. The above-described actions of Defendants violated the Plaintiff's right to the minimum wage under the FLSA, for which he is entitled to relief pursuant to 29 U.S.C. § 216(b).

FAIR LABOR STANDARDS ACT – OVERTIME

46. The Plaintiff incorporates and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein. The above-described actions of Defendants violated the Plaintiff's right to overtime pay under the FLSA, for which he is entitled to relief pursuant to 29 U.S.C. § 216(b).

## VIII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

    a. Declare Defendants in violation of the FLSA;

    b. Award damages to the Plaintiff and for his unpaid minimum wage and overtime pay, and an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

    c. Award the Plaintiff the costs of this action;

    d. Award the Plaintiff reasonable attorney's fees;

    e. Award the Plaintiff Post-Judgment interest; and

    f. Grant such other relief as this Court deems just and proper.

Dated this 18th day of March, 2019.

Respectfully submitted,

EQUAL JUSTICE CENTER

By: /s/ Colleen Mulholland
Colleen Mulholland
Texas State Bar No. 24091765
8301 Broadway Street, Ste. 309
San Antonio, Texas 78209
Tel (210) 308-6222, ext. 101
Fax (210) 308-6223
cmulholland@equaljusticecenter.org

Aaron Johnson
Texas State Bar No. 24056961
510 S. Congress Ave., Ste. 206
Austin, Texas 78704
Tel (512) 474-0007, ext. 105
Fax (512) 474-0008
ajohnson@equaljusticecenter.org

**COUNSEL FOR PLAINTIFF**