IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADONAI SIFUENTES, | § | |
| | § | |
| *Plaintiff*, | § | 5-19-CV-00277-RBF |
| | § | |
| vs. | § | |
| | § | |
| KC RENOVATIONS, INC.,  KEVIN | § | |
| CLARK REALTY & ASSOCIATES, | § | |
| LLC, KEVIN CLARK, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**ORDER**

Before the Court is the Joint Motion for Entry of Stipulated Judgment filed by Plaintiff Adonai Sifuentes and Defendants KC Renovations, Inc., Kevin Clark Realty & Associates LLC, and Kevin Clark. *See* Dkt. No. 49. This single-plaintiff Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*., case was reassigned to the Court upon the parties' consent to U.S. Magistrate Judge jurisdiction. *See* Dkt. Nos. 24, 38, 39.

The form indicating consent to U.S. Magistrate Judge jurisdiction is signed by Plaintiff but not by Defendants. In an advisory, *see* Dkt. No. 38, Plaintiff advises that the failure to include a signature for Defendants was inadvertent. Defendants defer to the Court on the issue. Shortly after the parties filed their joint advisory, the District Court entered an order reassigning the case to the U.S. Magistrate Judge, effectively accepting the consent of all parties to Magistrate Judge jurisdiction. The case was then assigned the Magistrate Judge's initials in place of the District Judge's initials, and the case proceeded as would any case on the Magistrate Judge consent docket. Consent to U.S. Magistrate Judge jurisdiction can be inferred from the parties' behavior, and such is the case here to the extent there is any question concerning Defendants'

1

consent and the Magistrate Judge's jurisdiction. *See Roell v. Withrow*, 538 U.S. 580, 590-91 (2003). Defendants, obviously with knowledge that their consent had been deemed effective by the District Court, did not object to Plaintiff's characterization of Defendants' consent in the joint advisory or anywhere else. Nor did Defendants object to the District Court's Order of re-assignment. And Defendants also did not object at any other point to the Magistrate Judge exercising consent jurisdiction. Accordingly, the Court has authority to enter this Order pursuant to 28 U.S.C. § 636(c).

For the reasons that follow, the Court **GRANTS** the parties' Motion, Dkt. No. 49.

## Background

Plaintiff Adonai Sifuentes initiated this action against Defendants Kevin Clark, KC Renovations, Inc., as well as Kevin Clark Realty & Associates and its managing member Kevin Clark, alleging violations of the FLSA's overtime and minimum wage requirements. *See* Dkt. No. 1. According to his live Complaint, Sifuentes worked as a maintenance worker for Defendants from approximately October of 2016 to November 2018. *See* Dkt. No. 21. As a maintenance worker, Sifuentes was a non-exempt employee who Defendants misclassified as an independent contractor. *See id.* Throughout his employment, Sifuentes alleges that he "frequently" worked 46 hours or more per workweek and yet, Defendants only compensated him at his regular straight-time hourly rate of pay. *See id.* Sifuentes further alleges that Defendants (1) failed to pay him for his last week of work in November of 2018; (2) made illegal deductions to cover the costs of materials and mechanical repairs used for Defendants' benefit; and (3) failed to fully reimburse Sifuentes for expenses he incurred in using his personal vehicle in the scope of his employment for Defendants' benefit. *See id.* Finally, Sifuentes alleges that throughout his employment, Defendants failed to maintain complete and accurate records of his

hours and compensation as required by the FLSA. *See id.* Sifuentes claims that in committing these FLSA violations, Defendants acted knowingly, willfully, or with reckless disregard. *See id.* Defendants filed their original answer on August 19, 2019, alleging that Sifuentes was an independent contractor of Defendant KC Renovations only and was paid all amounts due and owing. *See* Dkt. No. 19.[1]

The parties have now reached a resolution of their dispute. By the present motion, the parties ask the Court to enter their proposed stipulated judgment. *See* Dkt. No. 12. The parties, however, request that the Court retain jurisdiction over this case to enforce the terms of the settlement and further to adjudicate Sifuentes's remaining claim for attorney's fees and costs. S*ee id.*

### Legal Standards

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Alaniz v. Maxum Petroleum Operating Co., Inc.*, No. SA-15-CV-00373-XR, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (citing *Lynn's Food Stores*, 679 F.3d at 1355). The Fifth Circuit has held that "[n]ot every FLSA settlement requires court approval, however, as 'parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due.'" *Id.* (citing *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012)).

---

[1] It doesn't appear that Defendants ever answered Sifuentes's amended complaint.

The reach of *Martin* and its progeny is unclear. *Martin*'s recognition of a situation in which court approval may not be necessary itself involved unique facts—a retroactive evaluation of a previously executed, privately entered FLSA settlement that was negotiated by lawyers prior to any lawsuit being filed. *See id.* Additionally, the parties' dispute in *Martin* concerned the number of hours worked and the rate of pay; not substantive FLSA rights themselves (*e.g.*, whether an employee is exempt). *See id.*; *cf. Bodle v. TXL Mortg. Corp.*, 788 F.3d 159 (5th Cir. 2015) (declining to extend *Martin* to private settlement agreement negotiated during a state-court non-FLSA action). Post *Martin*, some district courts in this Circuit have continued to follow the *Lynn's Foods* approach, and these courts review FLSA settlement agreements for fairness where parties request an *ex-ante* review of a settlement negotiated during active FLSA litigation.[2]

Given the ambiguity regarding the reach of *Martin*, the parties' present request that their proposed agreement be reviewed and that it is still common practice for some district courts in this Circuit to review FLSA settlements, the Court will review the parties' proposed settlement for reasonableness in this case.

### Analysis

For the reasons discussed below, the parties' settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.

*Bona fide dispute.* The parties dispute whether Sifuentes was an employee entitled to protection under the FLSA and further, whether he was properly paid for all hours worked. This contested issue indicates a bona fide dispute among the parties.

---

[2] *See, e.g.*, *Cox v. Sunflower Cty. Consol. Sch. Dist.*, No. 4:16-CV-192-DMB-JMV, 2017 WL 3584916, at *2 (N.D. Miss. Aug. 18, 2017); *Abernathy v. Becon Constr. Co.*, No. 1:14-CV-466, 2016 WL 7427024, at *1 (E.D. Tex. Dec. 16, 2016), *report and recommendation adopted*, No. 1:14-CV-466, 2016 WL 7374420 (E.D. Tex. Dec. 20, 2016); *Alaniz*, 2016 WL 6462206, at *1.

*Fair and Reasonable Resolution*. The Court has independently reviewed the terms of the settlement agreement and concludes that the settlement is fair and reasonable. The settlement agreement was negotiated by experienced attorneys following a mediation conducted by a U.S. Magistrate Judge; it reflects an arms' length compromise of the disputed claims. *See Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008) (explaining that in evaluating parties' FLSA settlement "the Court must keep in mind the 'strong presumption' in favor of finding a settlement fair").

*Attorneys' Fees and Costs*. As stipulated by the parties, Sifuentes is the prevailing party in this litigation and is therefore entitled to attorney's fees and costs under the FLSA. Sifuentes's claim for attorneys' fees and costs, however, remains pending. Accordingly, within **14 days** from the date of this Order, Sifuentes shall file a motion for attorney's fees and a bill of costs in accordance with Federal Rule of Civil Procedure 54(d) and Local Rules CV-7(j) and 54.

*Jurisdiction*. The terms of the Parties' Joint Stipulation of Settlement Agreement, Dkt. No. 49-1, are incorporated herein, and this Court will retain jurisdiction to enforce its terms and to further adjudicate Plaintiff's pending claim for attorney's fees and costs.

### Conclusion

Based on the foregoing, parties' Motion  the parties' Joint Motion for Entry of Stipulated Judgment, Dkt. No. 49, is **GRANTED**.

**IT IS SO ORDERED**.

SIGNED this 17th day of June, 2021.

RICHARD B.  FARRER
UNITED STATES MAGISTRATE JUDGE