IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ADONAI SIFUENTES,

§
§
§

*Plaintiff*,

§
§

vs.

§
§

5-19-CV-00277-RBF

KC RENOVATIONS, INC.,  KEVIN
CLARK REALTY & ASSOCIATES,
LLC, KEVIN CLARK,

§
§
§
§
§

*Defendants*.

§
§
§

**ORDER**

Before the Court is the Motion for Attorneys' Fees filed by Plaintiff Adonai Sifuentes. *See* Dkt. No. 52. This single-plaintiff Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*., case was reassigned to the Court upon the parties' consent to U.S. Magistrate Judge jurisdiction. *See* Dkt. Nos. 24, 38, 39.[1] As discussed further below, Sifuentes's Motion, Dkt. No. 52, is **GRANTED IN PART**. Sifuentes is awarded $49,732.80 in attorneys' fees as a prevailing party.

**Factual and Procedural Background**

Sifuentes initiated this action against Defendants Kevin Clark and KC Renovations, Inc., as well as Kevin Clark Realty & Associates and its managing member Kevin Clark, alleging violations of the FLSA's overtime and minimum wage requirements. *See* Dkt. No. 1. According to his live Complaint, Sifuentes performed maintenance work on properties managed, owned, and/or listed for sale by Defendants in or around Bexar County from approximately October 2016 to November 2018. *See* Dkt. No. 21. As a maintenance worker, Sifuentes contends he was

---

[1] *See also* Dkt. No. 50 at 1-2 (inferring Defendants' consent from their behavior to the extent any questions exist regarding it).

a non-exempt employee who Defendants misclassified as an independent contractor. *See id.* Throughout his employment, Sifuentes alleges that he "frequently" worked 46 hours or more per workweek, and yet Defendants only compensated him at his regular straight-time hourly pay rate. *See id.* Sifuentes further alleges Defendants: (1) failed to pay him for his last week of work in November of 2018; (2) made illegal deductions to cover the costs of materials and mechanical repairs used for Defendants' benefit; and (3) failed to fully reimburse Sifuentes for expenses incurred in using his personal vehicle in the scope of his employment. *See id.* Finally, Sifuentes alleges that throughout his employment, Defendants failed to maintain complete and accurate records of his hours and compensation, as required by the FLSA. *See id.* Sifuentes claims that in committing these FLSA violations, Defendants acted knowingly, willfully, or with reckless disregard. *See id.*

Defendants initially moved to dismiss under Rules 12(b)(1) and 17(a), contending that because the social security number provided by Sifuentes couldn't be verified by the IRS, Sifuentes should be judicially estopped from receiving any recovery. Defendants also urged that Sifuentes's allegedly fraudulent statements concerning his identity divested the Court of subject matter jurisdiction. Defendants further argued that Sifuentes's allegation that he was an employee for purposes of the economic realities test was too conclusory to state a claim. Alternatively, Defendants sought an order requiring Sifuentes to replead his claims with more specificity. *See* Dkt. Nos. 6, 13, & 18. Sifuentes's filing of an amended complaint mooted the motion, however, and Defendants never re-urged the motion.

According to Defendants' Answer,[2] Sifuentes served at all times as an independent contractor of Defendant KC Renovations and was paid all amounts due and owing. *See* Dkt. No.

---

[2] It doesn't appear that Defendants ever answered Sifuentes's amended complaint.

19. Any alleged failure to pay Sifuentes, Defendants contended, was due to Sifuentes's failure to submit payment invoices for all times alleged. *See id.* And although Defendants didn't renew their motion to dismiss, Defendants again contended that Sifuentes should be "estopped" from profiting from his "illegal ventures" because he failed to provide "true and factually correct identification and tax identification" necessary for Defendants to complete their 1099 tax statement. *See* Dkt. No. 19

Nearly two years after Sifuentes initiated this action, the parties successfully mediated Sifuentes's underlying wage claims. *See* Dkt. No. 45-46. Thereafter, they sought and obtained entry of a stipulated judgment that awarded Sifuentes a total of $16,000 in damages but reserved adjudication of Sifuentes's claim for attorney's fees. *See* Dkt. Nos. 49 (Joint Motion for Entry of Stipulated Judgment) & 50 (Stipulated Judgment). Pursuant to the parties' request, the Stipulated Judgment provides that "Sifuentes is the prevailing party in this litigation and is therefore entitled to attorney's fees and costs under the FLSA." Dkt. No. 50. After entering the stipulated judgment, the Court ordered Sifuentes to file his motion for attorneys' fees in accordance with Federal Rule of Civil Procedure 54(d) and Local Rules CV-7(j) and 54.

In accordance with Federal Rule of Civil Procedure 54(d)(2) and the Court's June 17, 2021, Stipulated Judgment, Sifuentes now moves for an award of $66,982.00 in attorneys' fees as the prevailing party in this FLSA action. *See* Dkt. No. 52. Defendants oppose the amount of the requested award, contending that the hourly rates requested and hours billed aren't reasonable and that, in any event, the lodestar should be reduced by 80 percent due to Sifuentes's alleged limited success. *See* Dkt. No. 55. Accordingly, Defendants request that the Court award Sifuentes only a fraction of the amount requested ($6,278.50) in attorneys' fees. *See id.*

**Analysis**

District courts must award reasonable attorney's fees to a prevailing plaintiff in an FLSA action.[3]  Courts use the lodestar method to calculate an appropriate fee award under the FLSA by multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work.  *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).  After calculating the lodestar, the court may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974). An award of attorneys' fees is entrusted to the "sound discretion" of the district court. *Tex. Commerce Bank Nat'l Ass'n v. Capital Bancshares, Inc*., 907 F.2d 1571, 1575 (5th Cir. 1990).

There's no dispute that Sifuentes, as the prevailing party, is entitled to an award of reasonable attorney's fees, notwithstanding the mediated settlement. After a thorough review of counsel's time records, the declarations submitted in support of the fee request, Defendants' objections thereto,[4] as well as Defendants' evidence submitted in opposition, the Court finds that a reduction in the rate of compensation sought by Sifuentes's attorneys is warranted. The number of hours for which compensation is requested is largely reasonable, although a modest reduction of 15% is appropriate to better account for billing judgment.  Finally, a reduction of the lodestar amount isn't appropriate on this record.

---

[3] *See* 29 U.S.C. § 216(b) ("The court in [an FLSA case] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Steele v. Leasing Enters., Ltd*., 826 F.3d 237, 249 (5th Cir. 2016).

[4] Defendants' Response raises—and seeks rulings on—four objections. Defendants, however, have withdrawn their first two objections. *See* Dkt. No. 62 ¶ 3. Defendants' remaining objections are discussed below.

### A.     A Reduction in the Requested Hourly Rates is Warranted.

Sifuentes seeks a rate of (1) $450 per hour for Aaron Johnson—a 14-year senior managing attorney for the Equal Justice Center; (2) $345 per hour for Colleen Mulholland—a seven-year staff attorney at the Center; and (3) $200 per hour for paralegal Maricruz Mosqueda. In support, Sifuentes submits affidavits from Johnson attesting to his, Mulholland's, and Mosqueda's credentials and experience as well as work performed in this case. Also submitted are affidavits from two experienced labor and employment board certified private attorneys in the Austin and San Antonio areas—Colin Walsh and Austin Kaplan—attesting to the reasonableness of the requested rates. *See* Exs. A, B, & C to Pl. Mot.

Defendants object to the Court's consideration of Walsh and Kaplan's declarations, contending that (1) they weren't timely disclosed as experts and (2) the declarations are cumulative, lack a sufficient foundation, are "purely conclusory and constitute embellishment of Plaintiff's Counsel's claims for fees." Dkt. No. 55 at 2-3.

Defendants' objections are **OVERRULED**. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), the parties must only identify witnesses they "may use at trial." The declarations submitted by Sifuentes in support of his motion weren't submitted for the purposes of trial but rather for a post-judgment matter solely concerning attorneys' fees.[5] Moreover, the declarations provide sufficient factual foundation and detail to support the fee request such that they constitute competent evidence on the matter. Nevertheless, the Court finds the rates requested are excessive, taking into consideration the median rate for labor and employment attorneys and

---

[5] *See, e.g.*, *ResMan, LLC. v. Karya Prop. Mgmt., LLC*, No. 4:19-CV-00402, 2020 WL 5981755, at *2 (E.D. Tex. Oct. 8, 2020) (noting that where Rule 54 applies, "an attorneys' fees expert will not testify 'at trial,' and therefore is not subject to the designation timeline under the language of Rule 26").

paralegals in San Antonio, the specific qualifications and experience of the attorneys and paralegals, and—in particular—the relative simplicity of this case.

Reasonable hourly rates for purposes of the lodestar calculation "are to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). Unless limited circumstances justify the use of out-of-district counsel, the relevant legal community is the community in which the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002); *see also Am. Zurich Ins. Co. v. Jasso*, 598 F. App'x 239, 250 (5th Cir. 2015). "[T]he burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11. Generally, the reasonable hourly rate is established through affidavits of other attorneys of "similar caliber practicing in that community." *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993).

The 2015 State Bar of Texas Attorney Hourly Rate Survey lists a median rate of $278 for labor and employment attorneys practicing in the San Antonio area and a general median rate of $250 per hour for attorneys in the San Antonio-New Braunfels area with experience similar to that of Johnson and Mulholland (7 to 15 years). *See* State Bar of Texas, 2015 Hourly Rate Fact Sheet, *available at* https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Econom ic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=34182 (last visited Mar. 9, 2022). According to the State Bar's 2014 Paralegal Division Compensation Survey, the median hourly rate for a paralegal in San Antonio is $121, although the Survey does not break down rates based on a paralegal's education level and certification or practice area. *See* State Bar of Texas, 2014

Paralegal          Division          Compensation          Survey,          available          at

https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&T

emplate=/CM/ContentDisplay.cfm&ContentID=27563 (las visited Mar. 9, 2022).

Although Sifuentes claims that the Rate Sheet (and presumably also the Paralegal Survey) is "outdated" and "discredited," courts in this district regularly consider the Rate Sheet and Paralegal Survey as evidence of a reasonable rate, notwithstanding its various shortcomings. *See, e.g.*, *Rodriguez v. Mech. Tech. Servs., Inc*., No. 1:12-CV-710-DAE, 2015 WL 8362931, at *6 (W.D. Tex. Dec. 8, 2015) ("Judges in the San Antonio Division regularly take judicial notice of the Rate Report.") (collecting cases); *Hobbs v. Petroplex Pipe & Constr., Inc*., No. MO:17-CV-00030-DC, 2019 WL 13079781, at *3 (W.D. Tex. May 23, 2019) (reaching similar conclusion with respect to courts in this District). The Court therefore takes these median rates into consideration as a "starting point" and then evaluates whether the requested rates should be adjusted based on various factors including the nature of the litigation, the billing attorneys' specific credentials, the nature of the attorney's practice, and increase in attorney's rates since 2015. *See, e.g.*, *Furlow v. Bullzeye Oilfield Servs., LLC*, No. SA-15-CV-1156-DAE, 2019 WL 1313470, at *3 (W.D. Tex. Jan. 3, 2019), *report and recommendation adopted*, 2019 WL 1313454 (W.D. Tex. Jan. 29, 2019) (discussing relevant factors used to justify departure from the Rate Sheet).

Here, unlike Kaplan and Walsh, neither Johnson nor Mulholland are board certified specialists in employment law so as to justify a significant departure from the Rate Sheet. *Cf. Ibarra v. United Parcel Serv., Inc*., No. MO-10-CA-113, 2013 WL 12121463, at *2 (W.D. Tex. July 9, 2013) (agreeing that the Rate Sheet is relevant but concluding that counsel for plaintiff is

entitled to a "premium" by virtue of her status as a certified specialist in employment law).[6] Johnson, however, appears to have extensive experience serving as lead counsel in FLSA cases, having litigated several cases to a favorable verdict and argued before the U.S. Court of Appeals for the Fifth Circuit. *See* Johnson Decl. (Dkt. No. 52-1). Conversely, there's no evidence that Mulholland has any lead counsel experience, although the Court notes the excellent quality of the briefing submitted by Mulholland in this case.

Significantly, this case wasn't particularly complex. As mentioned, it is a single-plaintiff FLSA case, which the parties settled.[7] Although Sifuentes argues that Defendants' litigation strategy—including the refusal to engage in early settlement negotiations—unnecessarily extended the litigation, any additional work performed by Sifuentes's attorneys is more appropriately considered when assessing the reasonableness of the hours billed. It doesn't warrant a rate increase. And, in light of the simple nature of the case, the fact that several Western District of Texas cases have awarded rates ranging from $425 to $585 per hour isn't relevant here.[8] For example, the decision in *Johnson v. Sw. Research Inst*., No. 5:15-cv-297 (W.D. Tex. Aug. 23, 2019), awarded the board-certified Walsh a requested hourly rate of $585 due in large part to the complexity of the Title VII sex discrimination claims. *Id.*, Dkt. No. 176

---

[6] Sifuentes's assertion that Johnson and Mulholland's lack of certification shouldn't be considered because the "primary value" of board certification is marketing, which is unnecessary for the Equal Justice Center, isn't persuasive. Board certification speaks to an attorney's qualifications, which is one of the main factors the Court considers when assessing a reasonable hourly rate.

[7] *E.g.*, *compare Furlow*, 2019 WL 1313470, at *4 ("nothing in the record suggests this case is of such complexity that an upward adjustment of nearly double the median rate for labor and employment attorneys in the San Antonio area [is warranted]") *with Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2015 WL 3999171, at *2 (N.D. Tex. Jul. 1, 2015) (nature and complexity of the litigation warranted use of rates higher than median).

[8] Other cases cited by Sifuentes discuss rates outside this District and don't meaningfully inform the market rate in the San Antonio community. *See, e.g*., Dkt. No. 52 at 13 -15 (citing rates ranging from $465 to $1,035 in other communities such as Houston and Dallas).

at 16. Similarly, *Clark v. Centene Corp.*, involved a collective action culminating in a trial. No. A-12-CA-174-SS, 2015 WL 6962894, at *1 (W.D. Tex. Nov. 10, 2015).

Taking into account the evidence submitted by Sifuentes, hourly rates awarded in similar cases,[9] and Sifuentes's persuasive argument that the Rate Sheet (and by extension, the Paralegal Survey) doesn't account for an increase in rates since 2015, the Court awards Johnson a rate of $350 per hour and Mulholland a rate of $300 per hour. *See, e.g.*, *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 625 (W.D.Tex.2015) (increasing rate over State Bar of Texas report given age of report, skill of attorneys, and relevant declarations in the record).

A similar reduction is warranted with respect to paralegal Mosqueda. Although Ms. Mosqueda has a Master of Business Administration and approximately 13 years of experience, she isn't the head paralegal for the EAJC.[10] And, as mentioned, this was a relatively straightforward case. Nothing in the record suggests that a nearly $80 upward adjustment from the Paralegal Survey is warranted. Accordingly, the Court will award Mosqueda an hourly rate of $135.

---

[9] *See Associated Builders & Contractors of Louisiana, Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990) (in assessing the prevailing market rate for the community, a court may properly consider evidence of hourly rates in other cases as well as affidavits regarding the reasonableness of suggested rates).

[10] *See, e.g.*, *See, e.g., Davis v. Perry*, No. No. SA-11-CA-788, 2014 WL 172119, at *2 (W.D. Tex. Jan. 15, 2014) (noting that "[d]istrict courts in Texas have held that paralegal hourly rates between $60 and $200 are reasonable" and adjusting the median hourly rate of $107 to $125 based upon the paralegal's twenty years of experience and title as the head paralegal and senior paralegal coordinator at a large firm) (collecting cases); *City of San Antonio, Tex. v. Hotels.com, L.P.*, No. 5-06-CV-381-OLG, 2017 WL 1382553, at *12 n. 32 (W.D. Tex. Apr. 17, 2017) (reducing rate of paralegal with more than 20 years' experience to $165 per hour and noting that "[a]lthough Ms. Mow's paralegal experience is extensive, and she was undoubtedly integral to the prosecution of this [decade-long] case, $200 per hour is a high paralegal rate for San Antonio.") *mooted by* 876 F.3d 717 (5th Cir. 2017).

**B.      The Total Hours Worked Are Largely Reasonable, Although a Slight Adjustment is Warranted.**

The fees motion claims counsel spent a total of 227.75 total hours on the case from inception through drafting the present motion for fees, but the motion then only seeks compensation for 193.35 worked after exercising billing judgment.[11] Defendants contend these hours are unreasonable in a simple case with discovery that involved a limited document production and one deposition. Defendants further allege that the use of Johnson as a supervisor amounted to double billing, and they further take issue with counsel's failure to adjust the bill for "at least two" deficiently filed documents and time spent drafting a protective order that Sifuentes didn't file.

Defendants' arguments are largely unpersuasive. An independent review of the billing records reveals that the hours for which counsel seeks compensation are in large part reasonable, although a modest reduction is warranted to avoid excessive fees.

**1.**      *Defendants' litigation strategy increased fees.* Defendants' litigation strategy complicated the case and correspondingly increased fees. First, Defendants filed a motion to dismiss that included arguments bordering on frivolous.  Although events ultimately rendered the motion moot, Sifuentes's attorneys were forced to expend hours drafting a thoughtful response. *See* Dkt. No. 7. Additionally, Defendants filed their jury demand over *six months* after answering Sifuentes's complaint,[12] causing Sifuentes's attorneys to spend additional

---

[11] Sifuentes doesn't seek to recover time for drafting the Reply in support of his motion, conferring with opposing counsel regarding the motion, or engaging in a second round of mediation on the issue.

[12] *Cf.* Fed. R. Civ. P. 38(b)(1) (providing that "a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served."); *Matter of Tex. Gen. Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995) ("The last pleading in Rule 38 usually means an answer or a reply to a counterclaim.").

time drafting a successful response. *See* Dkt. Nos. 27 & 28, and Jun. 2, 2020 text order (denying Defendants' motion "for the reasons stated in the Response in Opposition"). Defendants also failed to comply with their discovery obligations, forcing Sifuentes to file and successfully argue a motion to compel. *See* Dkt. Nos. 23, 26, & 35. Finally, although the parties settled in mediation, that occurred nearly two years after the case's initiation and only after all deadlines in the Scheduling Order had expired. At the time of the settlement, this matter was ready to be set for trial.

"The Court recognizes that the Defendant[s] [were] entitled to zealously defend this action and did so. However, the end result of that strategy was to increase the costs of this litigation. The Court takes into account such practices when determining the reasonableness of Plaintiff's counsel's time billed." *Robinson v. Nexion Health at Terrell Inc*., No. 3:12-CV-3853-L-BK, 2017 WL 5891790, at *8 (N.D. Tex. Nov. 1, 2017), *report and recommendation adopted*, 2017 WL 5714795 (N.D. Tex. Nov. 28, 2017). In other words, "Defense counsel cannot litigate tenaciously and then be heard to complain about the time necessarily spent by [Sifuentes] in response." *Id.* (quotations and brackets omitted).

    **2.**     *Sifuentes's attorneys exercised sound billing judgment to account for double billing*. Defendants' argument that Johnson's supervisory status resulted in unnecessary double billing is similarly persuasive. A review of the time records reveals that counsel exercised significant billing judgment to omit hours spent by Johnson and Mulholland on the same tasks. Similarly, although Defendants complain about many of the hours expended by Mosqueda in

11

meeting with the client, counsel has written off a fair portion of that time. *Compare* column entitled "Fees Incurred" with "Fees Billed" on time records.[13]

       **3.**      *Other arguments for a reduction are unpersuasive*. Defendants take issue with several other tasks on which they argue *defense counsel* would've spent less time, such as preparing for the deposition of Kevin Clark—Defendants' principal and central witness—completing a damages model, and propounding discovery. Sifuentes—not Defendants—bore the burden of proof, it was incumbent on his attorneys to thoroughly analyze each element of his claim and survey and analyze potential evidence. Accordingly, "the Court will not entertain conclusory assertions about how long [Defendants] think[] [Sifuentes] should have spent on certain tasks." *Johnson v. Sw. Rsch. Inst*., No. 5:15-297, 2019 WL 4003106 at *6 (W.D. Tex. Aug. 23, 2019).[14]

      Moreover, although experienced FLSA attorneys need not re-invent the wheel for every case, discovery requests aren't always a "cut and paste" job; nor should the task be entirely delegated to a paralegal, as Defendants contend. In sum, the "time devoted to preparing the written discovery requests . . . was within the bounds of reasonableness. The same is true for the amount of time spent . . . to prepare for and take the deposition of Mr. [Clark], defendant's principal and a central witness in the case." *Trustees of Chicago Plastering Inst. Pension Tr.*, No. 03 C 6867, 2008 WL 728897, at *4 (N.D. Ill.) (rejecting defendant's fee objections as "nit-picking from the outside and in hindsight") (quotations omitted).

---

[13] The fact that the Clerk's office issued *one* deficiency notice to Sifuentes does not merit a bill adjustment, as Defendants urge. The deficiency pertained to a simple administrative matters, such as Sifuentes's failure to file a certificate of service, which counsel quickly remedied.

[14] *See also Vargas v. Howell*, 949 F.3d 1188, 1197 (9th Cir. 2020) ("[A] court may not reduce a fee award based on speculation as to how other firms would have staffed the case or whether it would have been cheaper to delegate the work to other attorneys.") (quotations omitted).

Finally, Defendants make much ado over the fact that counsel seeks to recover for *three and a half hours* drafting what Defendants view was an unnecessary protective order. They argue that "[t]he fact that [the protective order] was not used is an admission . . . and should not appear on the bill." There is no merit to this argument. That Sifuentes didn't move for a protective order doesn't render the hours expended necessarily unreasonable. Counsel contend they drafted the motion and proposed order primarily to protect Sifuentes from potential retaliation and intimidation tactics.

The record reflects a reasonable basis for Sifuentes's counsel to take steps to protect the client. Defendants first alluded to Sifuentes's undocumented status in their motion to dismiss, notwithstanding that immigration status doesn't preclude relief under the FLSA. *See In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987) (per curiam) ("[I]t is well established that the protections of the [FLSA] are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant."). Counsel for Defendants then explicitly addressed Sifuentes's undocumented status at the Initial Pretrial Conference, stating on the record that he "resent[ed]" Sifuentes's ability to file a case given Sifuentes's immigration status. Counsel then contended that he would not "aid and abet" Sifuentes's violation of federal law should Sifuentes sit for his deposition. Defendants then again alluded to Sifuentes's immigration status in their Answer. Johnson and Mulholland also represent—as officers of this court— that prior to filing this lawsuit, Defendant Kevin Clark threatened to report Sifuentes to immigration or law enforcement authorities.[15] For all these reasons, it was more than reasonable for Johnson and Mulholland to expend a brief period of time drafting a protective order, notwithstanding that it ultimately was not filed.

---

[15] According to Sifuentes, defense counsel then lodged threats in a September 26, 2019, email, which is cited—but not attached—as an exhibit to the Reply.

**4.**     *A modest 15% reduction of hours is warranted.* Notwithstanding the above, the Court finds that Sifuentes's request for compensation for 193.35 hours of attorney and paralegal work on what should've been a fairly simple case is slightly excessive, even accounting for Defendants' aggressive litigation strategy. Accordingly, the Court, in the exercise of its discretion, will slightly reduce Sifuentes's claimed hours by 15%. *See Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment."); *Villegas v. Regions Bank*, No. CIV.A. H-11-904, 2013 WL 76719, at *4 (S.D. Tex. Jan. 4, 2013) ("[T]he court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.").

**C.      The Lodestar is $49,732.80.**

Based on the foregoing, the Court calculates the lodestar to be $49,732.80 as detailed below:

| Timekeeper | Reasonable Hours Billed[16] | Reasonable Rate | Allowed Fees |
|---|---|---|---|
| Aaron Johnson | 44.46 | $350 | $15,561 |
| Colleen Mulholland | 109.01 | $300 | $32,703 |
| Maricruz Mosqueda | 10.88 | $135 | $1,468.80 |

**D.      No Adjustment of the Lodestar is Warranted.**

After determining the initial lodestar figure, a court may then make upward or downward adjustments. Such adjustments are based on "the relative weights" of 12 factors, known as the *Johnson* factors, provided that any such factor considered for an adjustment was not already

---

[16] Calculated as the number of hours claimed by Sifuentes, adjusted by 15% to account for billing judgment as discussed above.

included in the initial lodestar calculation. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013); *Watkins*, 7 F.3d at 457. The 12 *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to accepting the case; (5) the customary fee charged for the services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *SettlePou*, 732 F.3d at 502 n.7. The lodestar, however, is a presumptively reasonable fee. *See Pembroke v. Wood Cty.*, 16 F.3d 1214 (5th Cir. 1994) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

Here Defendants seek an *80 percent reduction* of the lodestar amount, based on Sifuentes's "limited success" as demonstrated by the low damages award. That type of adjustment to the lodestar isn't warranted under the circumstances presented. To start, "while a low damages award is one factor which the court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award." *SettlePou, P.C.*, 732 F.3d at 503 (district court abused its discretion in reducing $232,400.81 lodestar solely on the basis that the plaintiff recovered less than $8,000 in damages) (brackets omitted); *see also Saizan*, 448 F.3d at 799 ("In a lawsuit initiated under the FLSA, 'an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced."). Indeed, "[g]iven the nature of claims under the F.L.S.A., it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341, 342 (5th Cir. 2007) (holding district

court did not abuse its discretion in awarding $129,805.50 in attorney's fees despite plaintiff's recovery of only $23,357.30 in damages and noting that "[t]he failure of [plaintiff] to recover overtime pay for every overtime hour originally claimed does not require a reduction of the lodestar award").

Moreover, Sifuentes's recovery of $16,000 in damages can't be categorized as a limited success under the facts of this case. Although Sifuentes sent Defendants an initial settlement demand of $59,760.80 at the case's inception, the $16,000 stipulated judgment is about 62 percent higher than the $9,816.52 Sifuentes's counsel calculated he was owed in unpaid overtime wages and alleged improper deductions applying the FLSA's default two-year default statute of limitations. The settlement represents a reasonable compromise on the more speculative issues of whether Defendants' violations were willful (extending the limitations period to three years) and whether the Court would exercise its discretion to award liquidated damages, given Defendants' good-faith defense.[17] As with most settlements, Sifuentes ultimately recovered less than was requested in initial settlement offers, as well as less than the amount he would've requested at trial. The settlement on damages is a reasonable result in light of Sifuentes's actual damages. Accordingly, no reduction based solely on "limited success" is warranted here.

The remainder of the Johnson factors have all been subsumed within the lodestar calculation. *See Blum*, 465 U.S. at 898 (1984) (noting that the novelty and complexity of the issues, special skill and experience of counsel, and quality of representation are generally subsumed within the lodestar calculation); *Shipes v. Trinity Indus.*, 987 F.2d 311, 321-22 (5th Cir. 1993) (noting that the skill required, special time limits imposed, and preclusion of

---

[17] *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 435 n. 11 (1983) (rejecting petitioner's attempt to calculate fees strictly on a "mathematical approach comparing the total number of issues in the case with those actually prevailed upon" and finding it not "necessarily significant that a prevailing plaintiff did not receive all the relief requested.").

employment are generally included within the lodestar amount). To the extent the factors haven't been so subsumed, they don't warrant an adjustment under the circumstances presented here. *See Sanders v. Barnhart*, No. 04–10600, 2005 WL 2285403, at *2 (5th Cir. Sept.19, 2005) (per curiam) ("[I]t is not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards.").

**Conclusion**

For the reasons discussed above, Sifuentes's Motion, Dkt. No. 52, is **GRANTED IN PART** in that Sifuentes is awarded $49,732.80 in attorneys' fees as a prevailing party under the FLSA.

**IT IS SO ORDERED**.

SIGNED this 28th day of March, 2022.

RICHARD B.  FARRER
UNITED STATES MAGISTRATE JUDGE